# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| RITE-HITE COMPANY, LCC, RITE-HITE PRODUCTS CORPORATION, and ARBON EQUIPMENT CORPORATION, | Case No. 18-CV-1394-JPS |
| Plaintiffs, | |
| v. | **ORDER** |
| NIAGARA BOTTLING, LLC, | |
| Defendant. | |

## 1.    INTRODUCTION

This case involves hundreds of dock levelers that the defendant, Niagara Bottling, LLC ("Niagara"), purchased from the plaintiffs, Rite-Hite Company, LLC, Rite-Hite Products Corporation, and Arbon Equipment Corporation (collectively "Rite-Hite"), between 2009 and 2015. Beginning in 2014, the dock levelers began to fail. In August 2018, Niagara sent a demand letter to Rite-Hite seeking more than $3 million because the dock levelers did not conform to industry standards.

On September 7, 2018, instead of responding to the letter, Rite-Hite filed this action seeking a declaration of no liability with respect to Niagara's charges in the demand letter of negligence and breach of warranty. On September 21, 2018, Niagara filed a complaint against Rite-Hite in the Central District of California, seeking coercive relief based on the same conduct underlying the claims in this action for which the plaintiffs seek declaratory relief. *See Niagara Bottling, LLC v. Rite-Hite*

*Company, LLC et al.*, Case No. 5:18-cv-2032-PSG-SHK (C.D. Cal.) (the "California Action").

Now before the Court is Niagara's motion to dismiss, stay, or transfer venue to the Central District of California. (Docket #16). For the reasons explained below, the motion will be granted, and this case will be dismissed.

## 2.    STANDARD OF REVIEW

Resolution of this motion turns on Niagara's request for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. When considering such a motion, the district court accepts as true all well-pled factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. *See Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). The court may also look beyond the allegations of the complaint and consider affidavits and other evidence to determine whether subject matter jurisdiction exists. *See id.*

## 3.    RELEVANT FACTS AND PROCEDURAL HISTORY

Rite-Hite is a manufacturer of loading dock equipment and other industrial products. It is headquartered in Milwaukee, Wisconsin. Niagara is a bottle manufacturer headquartered in Ontario, California.

From 2009 to 2015, Niagara purchased more than 200 dock levelers from Rite-Hite for use at its facilities in Rialto, California; Atlanta, Georgia; Plainfield, Illinois; Columbus, Ohio; Houston, Texas; Tacoma, Washington; and Kenosha, Wisconsin. Dock levelers are ramp-type devices that bridge the gap between Niagara's distribution plants and trucks awaiting shipment. At the facilities for which Niagara purchased dock levelers from Rite-Hite, it also purchased laser-guided vehicles ("LGVs") from Elettric 80, Inc. ("E80"), a company headquartered in Skokie, Illinois. LGVs are forklifts

that autonomously load pallets carrying Niagara's products onto trucks ready for shipment.

Beginning in 2014, the dock levelers began to fail, and Rite-Hite began making repairs at Niagara's facilities. Niagara believes that both E80 and Rite-Hite are to blame. It claims that E80 misrepresented the actual weight of its LGVs, which were heavier than promised, and Rite-Hite knowingly sold dock levelers that were not manufactured in accordance with industry standards, which called for a higher weight tolerance than Rite-Hite's levelers had. As a result, Niagara says it spent more than $3 million replacing failed dock levelers.

On August 3, 2018, Niagara sent Rite-Hite a demand letter, alleging its bases for Rite-Hite's liability. The letter opens with the following paragraph:

> This letter serves as the formal written demand of Niagara Bottling, LLC ("Niagara") for payment of $3,066,925, which represents the amount that Niagara has incurred thus far as a result of Arbon/Rite-Hite's ("Rite-Hite") failure to provide dock levelers ("Equipment") that conformed to industry standards. As you know, due to the Seller's gross negligence, thus far eight Niagara facilities ("Facilities") suffered dock leveler failures that rendered them useless.

(Docket #1-1). The letter goes on to explain its belief that Rite-Hite dock levelers do not meet industry standards and have failed prematurely, and thus failed to comply with the parties' agreement. Finally, the letter concludes by requesting that Rite-Hite

> immediately tender this claim to its insurance carrier, and provide the appropriate contact information so that we can amicably resolve this claim without further disruption of the business relationship. We thank you for your anticipated cooperation. Notwithstanding the foregoing, Niagara hereby

reserves all rights and remedies available at law, in equity or otherwise, and makes no concession, admission or waiver.

*Id.*

On August 14, 2018, Rite-Hite's general counsel, Antonio Catalano, responded in writing stating that he would "provide [Niagara] with a response" after he had completed his review of Niagara's claims, but that the response would be delayed because he was scheduled to be out of the office the following week. Instead of responding to the letter, Rite-Hite filed its complaint in this Court on September 7, 2018, seeking a declaration that it did not breach any warranty to Niagara and that it was not negligent in its dealings with Niagara. (Docket #1).

On September 21, 2018, Niagara filed suit against Rite-Hite, as well as against E80, in the United States District Court for the Central District of California. *Niagara Bottling, LLC, v. Rite-Hite Co., LLC, et al.*, Case No. 5:18-cv-02032-PSG-SHK, Docket #1 (C.D. Cal. Sept. 21, 2018). In the California Action, Niagara seeks coercive relief from Rite-Hite and E80 for damages suffered as a result of their alleged breach of contract, breach of warranty, product liability, negligence, misrepresentations, and unfair competition.

On October 16, 2018, Rite-Hite filed its first amended complaint (the "amended complaint") in this action. (Docket #9). The amended complaint expands on the original complaint by adding factual allegations, including involving E80 (though E80 is not a defendant in this case), and adding claims for declaratory relief with respect to the causes of action that Niagara asserts against Rite-Hite in the California Action, namely, breach of warranty (Count I), negligence (Count II), breach of contract (Count III), breach of implied warranty for a particular purpose (Count IV), strict liability (Count V), misrepresentation (Count VI), and unfair competition

(Count VIII). *Id.* Rite-Hite does not seek to recover any damages. The parties agree that the California Action and this action are, as Rite-Hite puts it, "mirror images." *See* (Docket #17 at 6 and #18 at 1).

Niagara then filed the instant motion, asking that this Court either dismiss this case for lack of subject-matter jurisdiction based on Rite-Hite's alleged lack of standing, decline to exercise subject-matter jurisdiction and dismiss in favor of allowing the Central District of California to decide the issues underlying both cases, stay this action until the California Action is resolved, or transfer this case to the Central District of California.

Rite-Hite filed a similar motion in the California Action, asking that the case be stayed or transferred to this Court. On February 11, 2019, the court in California issued an order denying Rite-Hite's request. *See* (Docket #21-1).[1] On March 25, 2019, Rite-Hite filed its answer to Niagara's complaint in the California Action. In other words, the California Action is proceeding toward resolution on to the merits of Niagara's coercive claims.

**4.     DISCUSSION**

**4.1     Subject Matter Jurisdiction**

Niagara first argues that this case must be dismissed for lack subject matter jurisdiction under Rule 12(b)(1) because Rite-Hite has not pleaded any injury, which is a necessary element of standing.

---

[1]On February 12, 2019, Niagara filed a motion for leave to submit to this Court a copy of the California court's order denying Rite-Hite's motion to stay or transfer. (Docket #21). That motion will be granted. The Court takes judicial notice of the order. *See Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) ("[F]ederal courts may . . . take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.").

Article III of the Constitution limits federal courts to deciding "Cases" or "Controversies," U.S. Const. art. III, § 2, cl. 1, and the Declaratory Judgment Act echoes this restriction. It applies only to "a case of actual controversy within [a federal court's] jurisdiction." 28 U.S.C. §§ 2201(a). "[T[he phrase 'case of actual controversy' in the [Declaratory Judgment Act] refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126–27 (2007).

The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). To establish Article III standing, Rite-Hite must show that it is suffering or has been threatened with an injury that is "'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms,* 130 S.Ct. 2743, 2752 (2010)). The injury must be actual or imminent "'to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending.'" *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 565 n. 2 (1992)).

Niagara argues that Rite-Hite has not alleged that it has been injured by Niagara, and therefore has not alleged the existence of an actual controversy. Niagara concedes that a declaratory plaintiff can show sufficiently imminent injury when a defendant threatens a lawsuit and the uncertainty of legal rights that accompanies the threat impedes the plaintiff's business. *See Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 711 (7th Cir. 2002) (Under the "usual declaratory judgment pattern, . . . the 'natural' defendant wants to proceed with a business opportunity—*e.g.,* the production of widgets—but it is impeded because of a lack of clarity as to

its legal rights, fearing something like a possible patent infringement suit."). But the declaratory judgment plaintiff must be able to show that the feared lawsuit from the other party is "immediate and real, rather than merely speculative." *Id.* at 712.

Niagara points out that its August 3 letter to Rite-Hite did not even mention filing a lawsuit, and instead invited Rite-Hite to "amicably resolve" their dispute. (Docket #9-1 at 2). Niagara asked Rite-Hite to tender a claim to its insurance carrier for the amount Niagara demanded, but Niagara did not say or suggest that it intended to file suit immediately if Rite-Hite declined its invitation. Further, Rite-Hite's amended complaint does not allege that its business was impeded because of the demand letter or that, apart from filing this lawsuit, its conduct has been coerced. Niagara argues that until Rite-Hite filed this action, it was unclear to Niagara whether there was even a disagreement between Rite-Hite and Niagara, as Rite-Hite's general counsel had only promised a more fulsome response after he returned from his travels. Therefore, Niagara argues, Rite-Hite has failed to show that there was an immediate and real fear of a lawsuit from Niagara sufficient to confer standing to Rite-Hite.

Rite-Hite responds that the August 3 letter was sufficiently threatening to confer standing because it charged Rite-Hite with breach of warranty and negligence and demanded payment. It cites to Seventh Circuit caselaw holding, for example, that "to be effective and thus harm the person seeking declaratory relief, a threat need not be a threat to sue." *Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 499 (7th Cir. 2014). While Rite-Hite is correct that a declaratory judgment defendant's threat need not necessarily include certain magic words regarding litigation to confer standing, it must convey an imminent intent to do *something* that will harm

the plaintiff. In *Klinger,* for example, the defendant copyright holder threatened the plaintiff publisher by warning that it would block distribution of the defendant's book by major retailers if the book was published. *Id.* In light of this threat, together with a threat to sue for copyright infringement, the district court had subject matter jurisdiction over the plaintiff's complaint seeking a declaration that it had not infringed the plaintiff's copyright. *Id.* at 500.

Rite-Hite has not shown that it suffered a harm or an imminent threat of harm from Niagara when it filed this lawsuit. Niagara's demand letter included nary a word about litigation, and instead invited Rite-Hite to resolve their dispute without turning to the courts. This is not the sort of threat the Seventh Circuit has found sufficient to confer standing to sue. The only harm Rite-Hite was suffering when it filed this action was "the normal uncertainty a defendant experiences while the statute of limitations is running and there is a possibility of a later obligation to pay money damages." *Hyatt Int'l Corp.,* 302 F.3d at 711–12. This injury is not sufficient to give Rite-Hite standing to seek a declaratory judgment. *See id.* at 712 (noting that "the Declaratory Judgment Act is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse.") (internal quotation omitted). Because subject matter jurisdiction is lacking, this case must be dismissed.

### 4.2    Discretion Involving Declaratory Judgment Actions

Further, even if Niagara's August 3 demand letter was sufficient to confer standing on Rite-Hite to sue under the Declaratory Judgment Act, this Court would nonetheless decline to hear the case. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987) ("It is well settled

that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction.").

The Seventh Circuit explains that a declaratory judgment action should be dismissed or transferred when a "mirror-image action seeking coercive relief" has been filed by the defendant in the declaratory judgment action, "regardless of which case was filed first." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). In such circumstances, the Seventh Circuit "ordinarily give[s] priority to the coercive action." *Id.; see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 10 F.3d 425, 431 (7th Cir. 1993) ("[B]ecause the issuance of a declaratory judgment is discretionary, a suit for declaratory judgment aimed solely at wrestling the choice of forum from the 'natural' plaintiff will normally be dismissed and the case will be allowed to proceed in the usual way." (citing *Tempco,* 819 F.2d at 747)).

Here, there is no dispute that this case is a mirror image of the coercive action Niagara filed in Central District of California. In fact, Rite-Hite amended its complaint in this action to precisely match the claims that Niagara alleged in its complaint. The California court has already taken up a motion filed by Rite-Hite in that case seeking a transfer to this court and dismissal of some claims. *See* (Docket #21-1). In light of competing terms in the parties' quotes and purchase orders regarding forum (Rite-Hite's quote forms point to Wisconsin while Niagara's purchase order point to California), the court turned to the Uniform Commercial Code to determine whether either party's forum selection clause became a part of the contract between the parties. That analysis resulted in the court's finding that the parties' contract contained no forum selection clause, and therefore denied Rite-Hite's motion to transfer the case. *Id.* at 16.

Thus, Niagara's coercive action in California is proceeding to resolution on its merits. The better exercise of discretion in this case is to defer to the California proceeding to avoid duplicative litigation.

**5.      CONCLUSION**

For the reasons discussed herein, this Court lacks subject-matter jurisdiction over this declaratory judgment action and will therefore dismiss the action without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for leave to file supplemental authority, to wit, the February 11, 2019 Order in the California Action (Docket #21) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, stay, or transfer venue (Docket #16) be and the same is hereby **GRANTED in part** insofar as this case will be dismissed for lack of subject matter jurisdiction; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2019.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge